UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| JOHN VAUGHN,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>MONSANTO COMPANY, BAYER ATKIENGESCELLSCHAFT, D/B/A BAYER AG, and JOHN DOE,<br><br>　　　　Defendants. | Case No. _____ |

**DEFENDANT MONSANTO COMPANY'S NOTICE OF REMOVAL**

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446 (and any other applicable laws), Defendant Monsanto Company ("Monsanto"), hereby gives notice of removal of this action, captioned *John Vaughn v. Monsanto Company et al.*, bearing Case Number 22CC-2022-CV-37, from the Circuit Court for Dickson County, Tennessee to this Court. Pursuant to 28 U.S.C. § 1446(a), Monsanto provides the following statement of grounds for removal.

**Introduction**

1. In this products liability lawsuit, Plaintiff John Vaughn sues Monsanto for injuries allegedly caused by Monsanto's Roundup®-branded herbicides, which have glyphosate as their active ingredient. For decades, farmers have used glyphosate-based herbicides to increase crop yields, and home-owners, landscaping companies, and local government agencies have used these herbicides for highly effective weed control. Glyphosate is one of the most thoroughly studied herbicides in the world, and glyphosate-based herbicides have received regulatory approval in more than 160 countries. Since 1974, when Monsanto first introduced a Roundup®-branded

herbicide to the marketplace, the United States Environmental Protection Agency repeatedly has concluded — including as recently as January 2020 — that glyphosate does not cause cancer. Nevertheless, Plaintiff alleges that exposure to Monsanto's Roundup®-branded, glyphosate-based herbicides caused his cancer — specifically, plasma cell myeloma ("PCM").

2. This is one of many lawsuits that have been filed against Monsanto involving Roundup®-branded herbicides. A multidistrict litigation ("MDL") proceeding is pending in the United States District Court for the Northern District of California, before the Honorable Vince G. Chhabria, pursuant to 28 U.S.C. § 1407. *See In re Roundup Prods. Liab. Litig.*, No. 3:16-md-02741-VC (N.D. Cal.); *In re Roundup Prods. Liab. Litig.*, MDL No. 2741, 214 F. Supp. 3d 1346 (J.P.M.L. 2016).

3. As discussed in more detail below, Monsanto removes this lawsuit because this Court has subject matter jurisdiction based on diversity of citizenship. Plaintiff is a citizen of Tennessee. For purposes of diversity jurisdiction, Monsanto is deemed to be a citizen of Missouri (where its principal place of business is located) and Delaware (Monsanto's state of incorporation). Defendant Bayer AG (incorrectly named in the Complaint as "Bayer Atkiengescellschaft Corporation, D/B/A Bayer AG") is deemed to be a citizen of Germany. Accordingly, complete diversity of citizenship exists in this case as required by 28 U.S.C. § 1332. The statutory amount-in-controversy requirement is also satisfied because Plaintiff seeks damages for cancer allegedly caused by exposure to Monsanto's Roundup®-branded herbicides.

## Background and Procedural History

4. In April 2022, Plaintiff commenced this lawsuit in the Circuit Court for Dickson County, Tennessee by filing a complaint, captioned *John Vaughn v. Monsanto Company et al.*, Case Number 22CC-2022-CV-37 (the "State Court Action").

5.      Pursuant to 28 U.S.C. § 1446(a), true and correct copies of the Summons and Complaint served in the State Court Action are attached collectively as **Exhibit 1.** Plaintiff seeks compensatory and punitive damages based on the allegation that Monsanto's Roundup®-branded herbicides caused his PCM. *See, e.g.*, Complaint ¶¶ 1–2, 34–35 & p. 22.

### Basis for Removal — Diversity Jurisdiction

6.      Plaintiff is, and was at the time the State Court Action was filed, a citizen of the State of Tennessee. *See* Complaint ¶ 6.

7.      Monsanto is, and was at the time the State Court Action was filed, a corporation incorporated under the laws of the State of Delaware, with its principal place of business in the State of Missouri. *See* Complaint ¶ 9. Thus, Monsanto is deemed to be a citizen of Missouri and Delaware, for purposes of federal diversity jurisdiction.

8.      Bayer AG is, and was at the time the State Court Action was filed, a German stock company with its principal place of business in Germany.[1] Accordingly, Bayer AG is deemed to be a citizen of Germany and a foreign citizen for purposes of diversity jurisdiction. *See, e.g.*, *Jordan v. Bayer Corp.*, No. 4:17-CV-865 (CEJ), 2017 WL 3006993, at *1 & n.2 (E.D. Mo. July 14, 2017).

9.      The Complaint seeks compensatory and punitive damages based on the allegations that Roundup®-branded herbicides caused Plaintiff to develop cancer (PCM). Therefore, it is plausible from the face of the Complaint that Plaintiff seeks damages in excess of $75,000,

---

[1] Plaintiff incorrectly alleges that Bayer AG "is a Delaware Corporation with its principal place of business in Whippany N. J." This is incorrect. Bayer AG is "a German corporation headquartered in Leverkusen, Germany." *In re Genetically Modified Rice Litig.*, 576 F. Supp. 2d 1063, 1065 (E.D. Mo. 2008). Indeed, as used in Bayer AG, "AG" means Aktiengesellschaft and is used to identity German public stock companies. *See Daimler AG v. Bauman*, 571 U.S. 117, 123 (2014). In any event, even if Plaintiff's allegations were correct, Bayer AG would still be a diverse defendant.

exclusive of interest and costs, which satisfies the jurisdictional amount-in-controversy requirement. 28 U.S.C. § 1332(a); *see Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 89 (2014) ("[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold."); *see also Am. Health & Life Ins. Co. v. Heyward,* 272 F. Supp. 2d 578, 581 (D.S.C. 2003) (holding that claims for punitive damages "must be included in the calculation of the amount in controversy"); *Ross v. First Family Fin. Servs., Inc.,* No. 2:01CV218-P-B, 2002 WL 31059582, at *8 (N.D. Miss. Aug. 29, 2002) ("[U]nspecified claims for punitive damage sufficiently serve to bring the amount in controversy over the requisite jurisdictional threshold set out in 28 U.S.C. § 1332."); *Woodward v. Newcourt Comm. Fin. Corp.,* 60 F. Supp. 2d 530, 532 (D.S.C. 1999) (holding that "[plaintiff's] claim for punitive damages alone makes it virtually impossible to say that the claim is for less than the jurisdictional amount"). In fact, numerous other lawsuits seeking damages for cancer allegedly caused by Roundup®-branded herbicides have been filed in other federal courts asserting jurisdiction under §1332(a) and alleging damages in excess of $75,000, exclusive of interest and costs.

10. In sum, this Court has original subject matter jurisdiction over this action based on § 1332(a) because there is complete diversity of citizenship and the amount in controversy exceeds $75,000, exclusive of costs and interest.

### **Procedural Requirements**

11. The Circuit Court for Dickson County, Tennessee is located within the Middle District of Tennessee. Therefore, removal to this Court satisfies the venue requirements of 28 U.S.C. § 1446(a).

4

Case 3:22-cv-00357   Document 1   Filed 05/17/22   Page 4 of 7 PageID #: 4

12. Monsanto received notice of process on April 18, 2022. This Notice of Removal is timely, in accordance with 28 U.S.C. § 1446(b)(1), because it is being filed within 30 days of April 18, 2022.

13. Bayer AG's consent to removal is not required because Bayer AG has not been served in the State Court Action. 28 U.S.C. § 1446(b)(2)(A). Indeed, given Plaintiff's incorrect allegations regarding Bayer AG's place of incorporation and principal place of business, it appears that Plaintiff is unaware that Bayer AG is a foreign corporation that must be served pursuant to the Hague Convention. *See, e.g.*, *In re Baycol Products Litig.*, No. CASE NO. 02-875, 2003 WL 24229818, at *4 (D. Minn. Dec. 12, 2003). Bayer AG's consent to removal also is not required because Bayer AG has not been "properly joined." *Id.* Courts in Tennessee lack personal jurisdiction over Bayer AG for the claims asserted against it in this case.

14. The written notice required by 28 U.S.C. § 1446(d) will be promptly filed in the Circuit Court for Dickson County, Tennessee and will be promptly served on Plaintiff.

15. Monsanto does not waive any defenses and expressly reserves its right to raise any and all defenses in future proceedings.

16. If any question arises as to the propriety of this removal, Monsanto requests the opportunity to present written and oral argument in support of removal.

## Conclusion

For the foregoing reasons, Monsanto removes this lawsuit to this Court pursuant to 28 U.S.C. §§ 1332, 1441, and 1446 (and any other applicable laws).

Dated: May 17, 2022                         Respectfully submitted,

                                            **HUSCH BLACKWELL LLP**

By:   */s/ Mark A. Smith*
      Mark A. Smith, BPR No. 021780
      736 Georgia Ave., Suite 300
      Chattanooga, TN  37402
      Phone:  (423) 266-5500
      Fax:  (423) 266-5499
      Email: mark.smith@huschblackwell.com

*Attorneys for Defendant, Monsanto Company*

6

Case 3:22-cv-00357   Document 1   Filed 05/17/22   Page 6 of 7 PageID #: 6

## **CERTIFICATE OF SERVICE**

I certify that on the 17th day of May, 2022, I electronically transmitted the foregoing **DEFENDANT MONSANTO COMPANY'S NOTICE OF REMOVAL** to the Clerk of the court using the ECF system for filing and transmittal, and a true and correct copy of the foregoing document was served electronically and by U.S. Mail to the following:

>Thomas F. Mink, II
>THOMAS F. MINK & ASSOCIATES
>P.O. Box 707
>Lawrenceburg, TN 38464
>*Counsel for Plaintiff*

>*/s/ Mark A. Smith*
>Mark A. Smith